**UNITED STATES of America,**
**Appellee,**

v.

**Kenneth BROWN, Defendant–**
**Appellant.**

**No. 07–0768–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 25, 2008.

Susan Graham James, Montgomery, AL, for Defendant–Appellant.

Neil M. Barofsky, Assistant United States Attorney, (Celeste L. Koeleveld, Assistant United States Attorney, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, Hon. JOHN G. KOELTL [1] District Judge.

## SUMMARY ORDER

Defendant–Appellant Kenneth Brown was convicted, following a jury trial, of one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and three counts of substantive wire fraud, in violation of 18 U.S.C. § 1343. Brown was sentenced to sixty-seven months' imprisonment for count one, to run concurrently with concurrent sentences of eighty-seven months' imprisonment for each of the other counts; three years' supervised release; a mandatory assessment of $400; and asset forfeiture of $1,204,990. Familiarity by the parties is assumed as to the facts, the procedural context, and the issues on appeal.

On appeal, Brown challenges his conviction on four grounds, alleging that: (1) the government constructively amended Brown's indictment (or, alternatively, created a prejudicial variance) by arguing that he was involved in so-called "High Yield Investment Programs" ("HYIPs") as opposed to merely providing financing for them; (2) venue in the Southern District of New York was improper with respect to count two; (3) the government improperly shifted the burden of proof to Brown; and (4) the sentence imposed was unreasonable because it improperly applied "mass marketing" and "leadership role" enhancements under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), see U.S.S.G. §§ 2B1.1(b)(2)(A)(ii) (imposing a two-level enhancement for use of mass marketing), 3B1.1(c) (imposing a two-level enhancement for an "organizer, leader, manager, or supervisor").

■ Brown's constructive amendment or prejudicial variance claim is without merit. He argues that the government's introduction of evidence concerning HYIPs—in the absence of an appropriate jury instruction—permitted the jury to convict Brown on the basis of conduct not charged in the indictment. The testimony offered by government witnesses relating to HYIPs was offered as background information to explain the kind of fictitious investments for which Brown's fraudulent "advance fee" scheme purportedly provided financing. In denying Brown's post-trial motions pursuant to Federal Rules of Criminal Procedure 29 and 33, the district court correctly concluded that "[t]he jury was not told that Brown was a promoter of HYIP's...." App. of Appellant 169.

1. The Honorable John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

■ Although the indictment did not specifically allege Brown's involvement in the promotion of HYIPs, we are satisfied that the government's proof at trial did "substantially correspond" to the allegations of the indictment. *See United States v. Danielson,* 199 F.3d 666, 670 (2d Cir. 1999) (quoting *United States v. Patino,* 962 F.2d 263, 266 (2d Cir.1992)). For the same reason, we deny Brown's alternate argument of prejudicial variance. *See United States v. Mucciante,* 21 F.3d 1228, 1236 (2d Cir.1994) (quoting *United States v. Heimann,* 705 F.2d 662, 669 (2d Cir. 1983)).

■ Brown's argument that venue in the Southern District of New York was improper with respect to count two acknowledges that this Court's decision in *United States v. Gilboe,* 684 F.2d 235 (2d Cir.1982), is controlling. He nevertheless maintains that it was wrongly decided. In *Gilboe,* as the district court noted below in denying Brown's post-trial motions, this Court held that venue in the Southern District of New York was appropriate under the second paragraph of 18 U.S.C. § 3237(a) where a wire transfer was routed through that district, without any processing of the transaction within the district. *See Gilboe,* 684 F.2d at 239.

Here, as in *Gilboe,* the wire transfer that passed through Manhattan was an "offense involving . . . transportation in interstate or foreign commerce." 18 U.S.C. § 3237(a). As such, it could be "prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person move[d]." *Id.* Thus, the passage of the wire transfer through the Southern District of New York created venue for statutory purposes—the Southern District was clearly a "district from, through, or into which such commerce, mail matter, or imported object or person move[d]." *Id.* We likewise

agree that venue in the Southern District was justified by the "substantial contacts" with that district arising from Brown's wire fraud offense. *See United States v. Saavedra,* 223 F.3d 85, 92–93 (2d Cir. 2000).

■ Brown also contends that the district court permitted the government to improperly shift the burden of proof by arguing that Brown did not control the assets he claimed would be used to finance his victims' HYIP investments and by arguing that he failed to verify the "proofs of funds" he provided his victims to demonstrate such control. We agree with the government that the government's proof shifted the burden to Brown no more than any other incriminating evidence routinely offered by the government. In this case, while the government was prevented by the district court from providing evidence concerning the *actual content* or *legitimacy* of the accounts (because the government, during its investigation, had not undertaken to ascertain these facts), it was surely not barred from inquiring into Brown's efforts to determine his own control over the funds he falsely portrayed as his own. It was entirely consistent with the government's theory of fraud for the government to show that Brown had posed as the funds' principal, without inquiring into whether the funds in fact existed.

■ Finally, Brown challenges the reasonableness of the sentence imposed by the district court on the grounds that two enhancements—one for "mass marketing," U.S.S.G. § 2B1.1(b)(2)(A)(ii), and the other for leadership role, *id.* § 3B1.1(c)—were wrongly applied. At the sentencing hearing before the district court, Brown made substantially the same argument against application of the mass marketing enhancement that he now repeats on appeal—*i.e.,* that it was Brown's coconspirator, Sheppard, who handled the marketing

of the advance fee scheme over the Internet. The district court flatly rejected Brown's attempt at disassociation, stating that "the relationship between Mr. Brown and Mr. Sheppard ... [was] spelled out quite clearly." App. of Appellant 182. He went on to note that "[w]hen Mr. Brown received the money, one of the first payments he made was to Mr. Sheppard," and the district court referred to Sheppard and others as "feeders." *Id.*

As the commentary to section 2B1.1 makes clear, "[f]or purposes of subsection (b)(2), 'mass-marketing' means a plan, program, promotion, or campaign that is conducted through solicitation by telephone, mail, the Internet, or other means to induce a large number of persons to ... (iii) invest for financial profit." § 2B1.1 cmt. n. 4(A). Under these circumstances, the district court's application of the mass marketing enhancement was squarely within its discretion.

■ The district court's rejection of Brown's argument that a leadership role enhancement should not apply was similarly reasonable. The district court noted that Brown paid his coconspirators "a small fraction of the amount he kept for himself," a relevant consideration for application of the role enhancement. App. of Appellant 184; *See* § 3B1.1(c) cmt. n. 4 ("In distinguishing a leadership and organizational role from one of mere management or supervision, ... [f]actors the court should consider include ... the claimed right to a larger share of the fruits of the crime....").

Accordingly, we **AFFIRM** the conviction and sentence imposed below.